PATTERSON BELKNAP WEBB & TYLER LLP
John D. Winter
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Attorneys for Defendants
Ortho-McNeil-Janssen Pharmaceuticals, Inc., f/k/a
Ortho-McNeil Pharmaceutical, Inc.,
Alza Corporation, Johnson & Johnson
Pharmaceutical Research & Development, LLC and
Johnson & Johnson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
STEPHANIE YATES,                          :     **NOTICE OF REMOVAL TO**
:     **FEDERAL COURT**
Plaintiff,                    :
:     Index No.
- against -                         :
:
ORTHO-MCNEIL PHARMACEUTICAL, INC.,   :
ALZA CORPORATION, JOHNSON & JOHNSON:
PHARMACEUTICAL RESEARCH AND          :
DEVELOPMENT, LLC and JOHNSON &       :
JOHNSON,                             :
:
Defendants.              :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:   THE JUDGES FOR THE UNITED STATES DISTRICT
      COURT FOR THE WESTERN DISTRICT OF NEW YORK

            PLEASE TAKE NOTICE that defendants Ortho-McNeil-Janssen

Pharmaceuticals, Inc. f/k/a Ortho-McNeil Pharmaceutical, Inc., Alza Corporation, Johnson &

Johnson Pharmaceutical Research & Development, LLC and Johnson & Johnson (collectively,

"Defendants") hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the

Supreme Court of the State of New York, Erie County, to the United States District Court for the

Western District of New York and respectfully states as follows:

1.     This action involves allegations regarding the prescription contraceptive drug Ortho Evra®.  On March 1, 2006, the Judicial Panel on Multidistrict Litigation issued an order transferring Ortho Evra® products liability cases to the United States District Court for the Northern District of Ohio (Katz, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. Defendants intend to seek the transfer of this action to that Multidistrict Litigation, In re Ortho Evra Products Liability Litigation, MDL No. 1742, and will shortly provide to the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2.     Plaintiff Stephanie Yates ("Plaintiff") filed this civil action against Defendants in the Supreme Court of the State of New York, Erie County, bearing Index Number 2008 010156 on September 4, 2008.  Defendants Ortho-McNeil-Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil Pharmaceutical, Inc. and Alza Corporation were served with the complaint on December 29, 2008, and defendant Johnson & Johnson Research & Development, LLC was served on January 3, 2009.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

3.     Plaintiff asserts claims for money damages allegedly arising out of her use of the prescription contraceptive  patch, Ortho Evra®.  Plaintiff alleges that she suffered a stroke on April 24, 2005 due to an intracranial hemorrhage as a result of a venous thrombosis in her brain, and that she suffered a deep vein thrombosis, physical pain and suffering, mental anguish, disability, and physical impairment and will continue to suffer the same in the future. (See Ex. A, Complaint ¶¶ 16, 22, 30, 36, 42, 46)  Plaintiff's claims are based on theories of recovery in strict liability failure to warn and manufacturing defect, negligence and breach of implied and express warranties.  (See Ex. A, Complaint, Counts One through Five).

4.     As more fully set out below, this case is properly removed to this Court pursuant to U.S.C. §§ 1332, 1441 and 1446 because Defendants have (1) satisfied the procedural

3119260v.1

requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5.     Plaintiff's Complaint ("Complaint") was filed on September 4, 2008. Defendants Ortho-McNeil-Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil Pharmaceutical, Inc. and Alza Corporation were served on December 29, 2008, and defendant Johnson & Johnson Research & Development, LLC was served on January 3, 2009. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

6.     All defendants consent to this removal.

7.     No previous application has been made for the relief requested herein.

8.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, Erie County.

9.     On January 15, 2009 a search was conducted of all materials filed in the New York State Supreme Court, Erie County (Index Number 2008 010156). As required by the Local Rule 81(a)(3)(A), an index of all documents contained in the State court's file is attached as Exhibit B.

10.     Attached as Exhibit C are copies of all documents filed in the State court action, individually tabbed and arranged in chronological order according to the State court file date, as required by Local Rule 81(a)(3)(B).

3119260v.1

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

A.     Complete Diversity of Citizenship

12.     There is complete diversity between Plaintiff, a citizen of New York, and defendants, citizens of New Jersey, Delaware, Pennsylvania and California, the only parties to this action.

13.     Upon information and belief, Plaintiff is and was at the time she commenced this action a citizen of the state of New York. (See Ex. A, Complaint, ¶ 1).

14.     Johnson & Johnson is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Brunswick, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

15.     Johnson & Johnson Pharmaceutical Research & Development, LLC is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Raritan, New Jersey, and, therefore, is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

16.     Ortho-McNeil-Janssen Pharmaceuticals, Inc. f/k/a Ortho-McNeil Pharmaceutical, Inc. is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Raritan, New Jersey and, therefore, is a citizen of Pennsylvania and New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

3119260v.1

17.     Alza Corporation is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware, with its principal place of business in Mountain View, California and, therefore, is a citizen of Delaware and California for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

B.     The Amount In Controversy Requirement Is Satisfied

18.     The Complaint alleges that the Plaintiff suffered personal injuries due to her use of the Ortho Evra® patch.  Plaintiff alleges that on or about April 24, 2005, she "suffered a stroke due to an intracranial hemorrhage as a result of a venous thrombosis in her brain," as a direct and proximate result of her use of the Ortho Evra birth control patch, and that she suffered "deep vein thrombosis, physical pain and suffering, mental anguish, disability, and physical impairment" and "will continue to suffer the same in the future."  (See Ex. A, Complaint ¶¶ 16, 22, 30, 36, 42, 46)

19.     Plaintiff alleges that she has been damaged in "an amount that exceeds the jurisdictional requirements of this Court", and that she is entitled to judgment against Defendants "plus interest, costs, and disbursements involved in bringing this action".  (Ex. A, Complaint unnumbered paragraph following ¶ 46).  In products liability actions involving allegations of injury due to use of a defective pharmaceutical, in which injuries of this sort are alleged and damages are sought, there is no genuine issue that the amount in controversy exceeds $75,000, exclusive of interest and costs.

20.     While Defendants deny liability for any of Plaintiff's damages in this action, a reasonable reading of the Complaint and understanding of the personal injury complained of demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

-5-

WHEREFORE, Defendants respectfully remove this action from the Supreme

Court of the State of New York, Erie County, pursuant to 28 U.S.C. § 1441.

Dated:      January 20, 2009

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____

John D. Winter
A Member of the Firm
Attorneys for Defendants
Ortho-McNeil-Janssen Pharmaceuticals, Inc. f/k/a Ortho-
McNeil Pharmaceutical, Inc., Alza Corporation,
Johnson & Johnson Pharmaceutical Research &
Development, LLC and Johnson & Johnson
1133 Avenue of the Americas
New York, New York  10036-6710
Telephone:  (212) 336-2000


TO:      Daniel G. Tronolone, Esq.
Tronolone & Surgalla, P.C.
298 Main Street
Buffalo, New York 14202

3119260v.1

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/30/2008
CT Log Number 514253907

**TO:** Taysen Van Itallie, Associate General Counsel
Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

**RE:** **Process Served in New York**

**FOR:** ALZA Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephanie Yates, Pltf. vs. Ortho-McNeil Pharmaceutical, Inc., et al. including Alza Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Erie County: Supreme Court, NY<br>Case # None Specified |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - "Ortho Evra" |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/29/2008 postmarked on 12/24/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after completion of service |
| **ATTORNEY(S) / SENDER(S):** | Daniel G. Tronolone<br>Tronolone & Surgalla, PC<br>298 Main Street, Suite 200<br>Buffalo, NY 14202<br>(716) 856-2626 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 12/22/08. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 790146961796<br>Image SOP<br>Email Notification, Michele Bacorn MBACORN@CORUS.JNJ.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue<br>New York, NY 10011 |
| **TELEPHONE:** | 212-894-8940 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
YATES, STEPHANIE

Party Served:
ALZA CORPORATION

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 12/22/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours
Division of Corporation

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

**STEPHANIE YATES**
13 Green Meadow Drive
Orchard Park, N.Y. 14127

                    *Plaintiff,*

                                                            **SUMMONS**


-v.-


**ORTHO-McNEIL PHARMACEUTICAL, INC.,**
1000 U.S. Highway 2002
Raritan, New Jersey 08869

**ALZA CORPORATION,**
1900 Charleston Rd.
Mountain View, California 94043

**JOHNSON & JOHNSON PHARMACEUTICAL**
**RESEARCH AND DEVELOPMENT, LLC**; and,
920 Rte. 202 South
Raritan, New Jersey 08869

**JOHNSON & JOHNSON**
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

                    *Defendants.*

---

To the above named Defendant(s):

       **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's

attorney, at the address stated below, a written Answer to the attached Complaint.

       If this Summons is served upon you within the State of New York by personal service,

you must respond within TWENTY (20) days after service, not counting the day of service.  If

this Summons is not personally delivered to you within the State of New York, you must respond

within THIRTY (30) days after service is completed as provided by law.

       If you do not respond to the attached Complaint within the applicable time limitation

stated above, a Judgment will be entered against you, by default, for the relief demanded in the

Complaint, without further notice to you.

FILED
09/04/2008/  15:21:16
ERIE COUNTY CLERK
RCPT # 587887
I 2008010156

This action is brought in the County of Erie because of [**X**] Plaintiff's residence, or place of business; [   ] Defendant's residence; [   ] designation made by Plaintiff.

Dated: September 4, 2008
       Buffalo, New York

Very Truly,

**DANIEL G. TRONOLONE, ESQ.**
**TRONOLONE & SURGALLA, PC.**
*Attorneys for Plaintiff*
**Stephanie Yates**
298 Main Street, Suite 200
Buffalo, New York 14202

 **CT Corporation**

**Service of Process Transmittal**
12/30/2008
CT Log Number 514254317

DEC 3 1 2008

**TO:**   Taysen Van Itallie, Associate General Counsel
Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

**RE:**   **Process Served in New York**

**FOR:**  Ortho-McNeil Pharmaceutical, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephanie Yates, Pltf. vs. Ortho-McNeil Pharmaceutical, Inc., et al. including Ortho-McNeil Pharmaceutical, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Erie County: Supreme Court, NY<br>Case # I 2008010156 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - "Ortho Evra" |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/29/2008 postmarked on 12/24/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after completion of service |
| **ATTORNEY(S) / SENDER(S):** | Daniel G. Tronolone<br>Tronolone & Surgalla, PC<br>298 Main Street, Suite 200<br>Buffalo, NY 14202<br>(716) 856-2626 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 12/19/08. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 790638750880<br>Image SOP<br>Email Notification, Michele Bacorn MBACORN@CORUS.JNJ.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue<br>New York, NY 10011 |
| **TELEPHONE:** | 212-894-8940 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
YATES, STEPHANIE

Party Served:
ORTHO-MCNEIL PHARMACEUTICAL, INC.

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 12/19/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

---

**STEPHANIE YATES**
13 Green Meadow Drive
Orchard Park, N.Y. 14127

      *Plaintiff,*

               **SUMMONS**

*-v.-*

**ORTHO-McNEIL PHARMACEUTICAL, INC.,**
1000 U.S. Highway 2002
Raritan, New Jersey 08869

**ALZA CORPORATION,**
1900 Charleston Rd.
Mountain View, California 94043

**JOHNSON & JOHNSON PHARMACEUTICAL**
**RESEARCH AND DEVELOPMENT, LLC**; and,
920 Rte. 202 South
Raritan, New Jersey 08869

**JOHNSON & JOHNSON**
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

      *Defendants.*

---

FILED
09/04/2008/ 15:21:16
ERIE COUNTY CLERK
RCPT # 587887
I 2008010156

To the above named Defendant(s):

   **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's

attorney, at the address stated below, a written Answer to the attached Complaint.

   If this Summons is served upon you within the State of New York by personal service,

you must respond within TWENTY (20) days after service, not counting the day of service.  If

this Summons is not personally delivered to you within the State of New York, you must respond

within THIRTY (30) days after service is completed as provided by law.

   If you do not respond to the attached Complaint within the applicable time limitation

stated above, a Judgment will be entered against you, by default, for the relief demanded in the

Complaint, without further notice to you.

This action is brought in the County of Erie because of [**X**] Plaintiff's residence, or place of business; [   ] Defendant's residence; [   ] designation made by Plaintiff.

Dated: September 4, 2008
      Buffalo, New York

Very Truly,

**DANIEL G. TRONOLONE, ESQ.**
**TRONOLONE & SURGALLA, PC.**
*Attorneys for Plaintiff*
**Stephanie Yates**
298 Main Street, Suite 200
Buffalo, New York 14202

**STATE OF NEW YORK**
**SUPREME COURT: COUNTY OF ERIE**

---

**STEPHANIE YATES**

*Plaintiff,*                                    **COMPLAINT**

**v.**

**ORTHO-McNEIL PHARMACEUTICAL, INC.,**

**ALZA CORPORATION,**



**JOHNSON & JOHNSON PHARMACEUTICAL**
**RESEARCH AND DEVELOPMENT, LLC; and,**

**JOHNSON & JOHNSON**

*Defendants.*

---

Plaintiff, STEPHANIE YATES, by her attorneys, **TRONOLONE & SURGALLA, PC.**, complaining of the Defendants, alleges as follows:

1.      The Plaintiff, Stephanie Yates, (hereinafter "Plaintiff"), is a resident of the State of New York, County of Erie, and resides at 13 Greenmeadow Drive, Orchard Park, New York 14127.

2.      Upon information and belief, and at all relevant times hereinafter mentioned, Defendant, Ortho-McNeil Pharmaceutical, Inc., was and still is a foreign business corporation with its principal place of business at 1000 US Hwy. 2002, Raritan, New Jersey, 08869. Defendant Ortho-McNeil Pharmaceutical, Inc., was and still is licensed to do business in the

1

State of New York.  Said defendant was and still is a subsidiary of Defendant, Johnson &
Johnson.

3.    Upon information and belief, and at all relevant times hereinafter mentioned,
Defendant Ortho-McNeil was engaged in the business of designing, licensing, manufacturing,
distributing, selling, marketing, and/or introducing into interstate commerce, either directly or
indirectly through third parties or related entities, the prescription drug "Ethinil
Estrdiol/Norelgest Transdermal System," also known as the "Ortho Evra Birth Control Patch"
(hereinafter "ORTHO EVRA ®").

4.    Upon information and belief, and at all relevant times hereinafter mentioned,
Defendant Alza Corporation was and still is a foreign business corporation with its principal
place of business at 1900 Charleston Rd, Mountain View, California, 94039.  Defendant Alza
Corporation was and still is licensed to do business in the State of New York.  In June 2001, said
defendant became a wholly owned subsidiary of defendant Johnson & Johnson.

5.    Upon information and belief, and at all relevant times hereinafter mentioned,
Defendant Alza Corporation was engaged in the business of researching, designing, developing,
licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging,
inspecting, labeling, and/or warranting the transdermal patch drug delivery system used with the
prescription drug product ORTHO EVRA ®.

2

6.      Upon information and belief, and at all relevant times hereinafter mentioned, Defendant Johnson & Johnson Pharmaceutical Research and Development, LLC, was and still is a New Jersey Limited Liability Company with its principal place of business at 920 Rte. 202 South, Raritan, New Jersey, 08869- defendant was and still is a citizen and resident of New Jersey.  Said defendant is a wholly owned subsidiary of defendant Johnson & Johnson, and was previously known as R.W. Johnson Pharmaceutical Research Institute.

7.      Upon information and belief, and at all times relevant hereinafter mentioned, Defendant Johnson & Johnson Pharmaceutical Research and Development, LLC was engaged in the business of researching, designing, developing, licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging, inspecting, labeling, warranting, marketing, promoting, advertising, distributing, selling, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the prescription drug ORTHO EVRA ®.

8.      Upon information and belief, and at all relevant times hereinafter mentioned, Defendant, Johnson & Johnson Pharmaceutical Research and Development, LLC is and was doing business in New York and has further committed tortious acts outside the State of New York causing injuries to the Plaintiff within the State of New York as more fully set forth herein; and should reasonably expect said acts to have consequences within the State of New York and derives substantial revenue from interstate or international commerce.

3

9.     Upon information and belief, and at all relevant times hereinafter mentioned, Defendant, Johnson & Johnson, was and still is a foreign business corporation with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey, 08933. Defendant Johnson & Johnson is a citizen and resident of New Jersey.  Defendant Johnson & Johnson is the parent company of defendants Ortho-McNeil Pharmaceutical, Inc., Alza Corporation, and defendant Johnson & Johnson Pharmaceutical Research and Development, LLC.

10.     Upon information and belief, at all times relevant hereinafter mentioned, Defendant Johnson & Johnson was engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce, either directly or indirectly through third parties or related entities, the prescription drug ORTHO EVRA ®.

11.     Upon information and belief, and at all relevant times hereinafter mentioned, Defendant, Johnson & Johnson was and still is doing business in New York and has further committed tortious acts outside the State of New York causing injuries to the Plaintiff within the State of New York as more fully set forth herein; and derives substantial revenue from goods used or consumed within the State of New York.

12.     At all relevant times hereinafter mentioned, each of the Defendants were the agent, servant, partner, co-conspirator and joint venturer of each of the remaining Defendants

4

herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other Defendants.

13. At all relevant times hereinafter mentioned, there existed and exists, a unity of interest in ownership between the above Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter-ego of the other certain Defendants and exerted control over those Defendants.

14. At all relevant times hereinafter mentioned, the officers and directors of the Defendants named herein, participated in, authorized and directed the production and promotion of ORTHO EVRA ® when they knew, or with the exercise of reasonable care should have know, of the hazards and dangerous propensities of ORTHO EVRA ®.

15. ORTHO EVRA ® was prescribed by Plaintiff's physician in a manner foreseeable to Defendants and in fact was used by Plaintiff in the manner that Defendants instructed physicians and their patients to use the product.

16. That on or about April 24, 2005, the Plaintiff suffered a stroke due to an intracranial hemorrhage as a result of a venous thrombosis in her brain.

17. That on the date of said stroke, the Plaintiff was seventeen years old, and her date

5

of birth is September 6, 1987.

## **FIRST CAUSE OF ACTION**

### STRICT LIABILITY IN TORT-FAILURE TO WARN

18.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "17" above as if more fully set forth herein.

19.    ORTHO EVRA ® was defective at the time of its manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, in that, and not by way of limitation, ORTHO EVRA ®'s warnings, instructions and directions failed to warn of the dangerous propensities of ORTHO EVRA ®, including increased dangerous propensities as compared to other comparable alternatives, which risks were known or reasonably scientifically knowable to Defendants.

20.    Defendants knew or should have known of the defective condition, characteristics and risks associated with ORTHO EVRA ®.

21.    At all relevant times herein mentioned, ORTHO EVRA ® was defective and Defendants knew that ORTHO EVRA ® was to be used by the user without inspection for defects therein.  Moreover, Plaintiff neither knew, nor had reason to know at the time of the use of ORTHO EVRA ®, of the existence of the aforementioned defects.  Ordinary consumers would

6

not have recognized the potential risks and/or side effects for which Defendants failed to include appropriate warnings.

22.     As a direct and proximate result of the defective condition of ORTHO EVRA ®, namely the lack of sufficient warnings, Plaintiff has suffered all measures of compensatory damages including, but not limited to, a stroke due to a blood clot in her brain, deep vein thrombosis, physical pain and suffering, mental anguish, disability, and physical impairment. Plaintiff will continue to suffer the same in the future.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY IN TORT-MANUFACTURING DEFECT

23.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" above as if more fully set forth herein.

24.     All the aforementioned defendants, and each of them, are the manufacturers, distributors, and suppliers of ORTHO EVRA ®, and said product reached the Plaintiff without a substantial change in its condition upon leaving the Defendants possession and/or control.

25.     The ORTHO EVRA ® used by the Plaintiff during the aforementioned time period contained a defect in its manufacture, and said defect existed at the time ORTHO EVRA ® left the possession and control of the Defendants.  This defect resulted in a product that was not in

7

conformity with the manufacturers' intended result and/or manufacturing specifications for ORTHO EVRA ®.

26.     At the time of Plaintiff's injury, the ORTHO EVRA ® was being used for the purpose and in the manner it was intended.

27.     The ORTHO EVRA ® was unreasonably dangerous to use for the purpose and in the manner intended.

28.     Plaintiff could not, by the exercise of reasonable care, have detected or discovered the defect.

29.     ORTHO EVRA ® was prescribed by Plaintiff's physician in a manner foreseeable to Defendants and in fact was used by Plaintiff in the manner that Defendants instructed physicians and their patients to use the product.

30.     As a direct and proximate result of the conduct of each of the aforementioned defendants, Plaintiff, has suffered injuries and damages as alleged herein.  Plaintiff will continue to suffer the same in the future.

## THIRD CAUSE OF ACTION

NEGLIGENCE

8

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" above as if more fully set forth herein.

32.     At all relevant times herein mentioned, Defendants had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, distribute, prepare for use, sell, prescribe and adequately warn of the risks and dangers of ORTHO EVRA ®.

33.     At all relevant times herein mentioned, Defendants, negligently and carelessly manufactured, designed, formulated, distributed, compounded, produced, processed, assembled, inspected, researched, distributed, marketed, labeled, packaged, prepared for use and sold ORTHO EVRA ® and failed to adequately test and warn of the risks and dangers of ORTHO EVRA ®.

34.     Despite the fact that Defendants knew or should have known that ORTHO EVRA ® caused unreasonable, dangerous side effects, Defendants continued to market ORTHO EVRA ® to consumers, including Plaintiff, when there were, and there are, safer alternative methods of comparable contraception.

35.     Defendants knew or should have known that it was foreseeable that consumers, such as the Plaintiff, would suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

9

36. As a direct and proximate result of the negligence of the aforementioned defendants, Plaintiff, has suffered injuries and damages as alleged herein. Plaintiff will continue to suffer the same in the future.

## FOURTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" above as if more fully set forth herin.

38. At all relevant times mentioned herein, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold ORTHO EVRA ®.

39. Prior to the time that ORTHO EVRA ® was used by the Plaintiff, Defendants implicitly warranted to the Plaintiff and Plaintiff's health care providers that ORTHO EVRA ® was of merchantable quality, safe and fit for the use for which it was intended.

40. Plaintiff reasonably relied entirely upon the skill, judgment, and implied warranty of Defendants in using the aforementioned ORTHO EVRA ®.

10

41.     ORTHO EVRA ® was unsafe for its intended use and it was not of merchantable quality, as warranted by Defendants, in that it had very dangerous propensities when put to its intended use and it was likely to cause severe injury to the user and it was unaccompanied by warnings of its dangerous propensities that were either known, or reasonably scientifically knowable, to Defendants prior to the time ORTHO EVRA ® was used by Plaintiff.

42.     As a direct and proximate result of the breach of the implied warranty of merchantability by the aforementioned defendants, Plaintiff, has suffered injuries and damages as alleged herein.  Plaintiff will continue to suffer the same in the future.

## FIFTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

43.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" above as if more fully set forth herein.

44.     At all relevant times mentioned herein, Defendants expressly represented and warranted to Plaintiff and Plaintiff's health care providers, by and through statements made by Defendants, their authorized agents, and/or sales representatives, orally and in publications, package inserts, and other written materials intended for physicians, patients, and the general public, that ORTHO EVRA ® was safe, effective, fit, and proper for its intended use.  In reliance upon said express warranties, ORTHO EVRA ® was used by the Plaintiff.

11

45.     In using ORTHO EVRA ®, Plaintiff relied upon the skill, judgment, representations, and express warranties of Defendants.  Said warranties and representations were false in that ORTHO EVRA ® was not safe and was unfit for the use for which it was intended.

46.     As a direct and proximate result of the breach of express warranties made by the aforementioned defendants, Plaintiff, has suffered injuries and damages as alleged herein. Plaintiff will continue to suffer the same in the future.

**WHEREFORE**, PLAINTIFF demands a judgment on each cause of action against Defendants:  Ortho-McNeil Pharmaceutical, Inc.; Alza Corporation; Johnson & Johnson Pharmaceutical Research and Development, LLC; and, Johnson & Johnson in an amount that exceeds the jurisdictional requirements of this Court, plus interests, costs, and disbursements involved in bringing this action.

Dated: September 4, 2008
       Buffalo, New York

**TRONOLONE & SURGALLA, P.C.**
**DANIEL G. TRONOLONE, ESQ.**
*Attorneys for the Plaintiff*
298 Main Street, Suite 200
Buffalo, New York 14202

12

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

STEPHANIE YATES

                    *Plaintiff.*           **SUMMONS & COMPLAINT**

-vs-                                **Index No.:** _2008 - 010156_

ORTHO-McNEIL PHARMACEUTICAL, INC.,

ALZA CORPORATION,

JOHNSON & JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT, LLC; and,

JOHNSON & JOHNSON

                    *Defendants.*

---

**TRONOLONE & SURGALLA, P.C.**
**298 Main Street, Ste. 200**
**Buffalo, New York 14202**
**(716) 856-2626**

200812230(2)

200812230(2)

Sender:

CERTIFIED MAIL

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

FROM: Paula Kash (212)894-8940
CT - New York SOP Team
111 Eighth Avenue

New York, NY 10011

TO:   **Taysen  Van Itallie (732)524-2075**
**Johnson & Johnson**
**1 Johnson & Johnson Plaza**

**New Brunswick, NJ 08933**
Ref: SOP/~/514254317/Paula Kash



FedEx Revenue Barcode

CAD#: 1315176
SHIP DATE: 30DEC08
WEIGHT: 1 LB



DELIVERY ADDRESS (FedEx-EDR)

**PRIORITY OVERNIGHT**

**WED**
A2
Deliver by:
**31DEC08**

TRK #  7906 3875 0880        FORM
0201                                      EWR

08933    -NJ-US

# ZC ZRPA

CLS080108

# EXHIBIT B

# ERIE COUNTY CLERK'S OFFICE
# OFFICIAL RECORDS PUBLIC SEARCH

<u>Search Results</u>                                                  <u>Logout</u>

## DOCUMENT DETAIL: (COURT)

| | |
|---|---|
| **Doc Type:** | 200 |
| **Doc Group:** | INDEX |
| **CFN:** | 2008182596 |
| **Date/Time:** | 09/04/2008   15:21 |
| **Book Type:** | K |
| **Book/Page:** | 85/3943 |
| **Updated Date:** | |
| **Status:** | V |
| **Index #:** | I 2008010156 |
| **ASG CAL#:** | |

### Parties

D   ORTHO-MCNEIL PHARMACEUTICAL INC
D   ALZA CORPORATION
D   JOHNSON&JOHNSON PHARMACEUTICAL RESEARCH&SEE
D   JOHNSON&JOHNSON
R   YATES STEPHANIE

### Reference

09/04/2008 S&C
01/07/2009 AFF SVC(2)
01/08/2009 AFF SVC(2)

# EXHIBIT C

# EXHIBIT 1

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

FILED

Index # I 2008010156

2009 JA -7 PM 2:21

STATE OF NEW YORK

ERIE COUNTY
CLERK'S OFFICE

SUPREME COURT

Purchased/Filed: September 4, 2008

ERIE COUNTY

*Stephanie Yates*                                                    Plaintiff

against

*Ortho-McNeil Pharmaceutical, Inc., et al*                          Defendant

___

STATE OF NEW YORK
COUNTY OF ALBANY                    SS.:

_____ Jessica Miller _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ December 19, 2008 _____, at _2:00pm_, at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint

on

_____ Johnson & Johnson _____, the

Defendant in this action, by delivering to and leaving with _____ Amy Lesch _____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __2__ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of ____40____ dollars; That said service

was made pursuant to Section   306 Business Corporation Law .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served: Approx. Age: __26__   Approx. Wt: __225__   Approx. Ht: __5'9"__

Color of skin: __White__   Hair color: Lt. Brown   Sex: __Female__   Other: _____

Sworn to before me on this

_24th_  day of _____ December, 2008 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice–Work Order # SP0812540

*SERVICO, INC. • PO BOX 871 • ALBANY. NEW YORK 12201 • PH 518-463-4179*

# EXHIBIT 2

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

FILED

Index # I 2008010156 2009 JA -7  PM 2: 21       Purchased/Filed: September 4, 2008

STATE OF NEW YORK   ERIE COUNTY    SUPREME COURT       ERIE COUNTY

CLERK'S OFFICE

*Stephanie Yates*       Plaintiff

against

*Ortho-McNeil Pharmaceutical, Inc., et al*       Defendant

---

STATE OF NEW YORK

COUNTY OF ALBANY       SS.:

_____ Jessica Miller _____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____ December 22, 2008 _____ , at __2:00pm__ , at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint

on

_____ Alza Corporation _____ , the

Defendant in this action, by delivering to and leaving with _____ Donna Christle _____

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, __2__ true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of ___40___ dollars; That said service was made pursuant to Section 306 Business Corporation Law .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: __41__    Approx. Wt: __145__    Approx. Ht: __5'5"__

Color of skin: __White__    Hair color: __Blonde__    Sex: __Female__    Other: _____

Sworn to before me on this

__26th__ day of _____ December, 2008

Jessica Miller

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Invoice•Work Order # SP0812538

*SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*

# EXHIBIT 3

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

FILED

Index #  I 2008010156

2009 JA -8  PM 12: 22

Purchased/Filed: September 4, 2008

STATE OF NEW YORK

SUPREME COURT

ERIE COUNTY

ERIE COUNTY
CLERK'S OFFICE

Stephanie Yates

Plaintiff

against

Ortho-McNeil Pharmaceutical, Inc., et al

Defendant

STATE OF NEW YORK
COUNTY OF ALBANY

SS.:

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ December 19, 2008 _____ , at _2:00pm_ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint

on

_____ Ortho-McNeil Pharmaceutical, Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Amy Lesch _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __2__ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _____ 40 _____ dollars; That said service

was made pursuant to Section _306 Business Corporation Law_ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served: Approx. Age: __26__  Approx. Wt: __225__  Approx. Ht: _5'9"_

Color of skin: __White__  Hair color: Lt. Brown  Sex: __Female__  Other: _____

Sworn to before me on this

24th  day of _____ December, 2008

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4698570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica  Miller

Invoice Work Order # SP0812537

*SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*

# EXHIBIT 4

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

FILED

Index #   I 2008010156

2009 JA -8  PM 12: 22    Purchased/Filed: September 4, 2008

STATE OF NEW YORK                    SUPREME COURT                    ERIE COUNTY

ERIE COUNTY
CLERK'S OFFICE

Stephanie Yates

Plaintiff

against

Ortho-McNeil Pharmaceutical, Inc., et al

Defendant

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

_____ Donna Tidings _____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____ December 26, 2008 _____ , at ___ 2:00pm ___ , at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint

on

_____ Johnson & Johnson Pharmaceutical Research and Development, LLC _____ , the Defendant in this action, by delivering to and leaving with _____ Chad Matice _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, ___ 1 ___ true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of ___ 40 ___ dollars; That said service was made pursuant to Section ___ 304 Limited Liability Company Law ___ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant. A copy of this Affidavit and a copy of the papers have been sent to the defendant via Registered Mail 7778 4256 4275 5000 2847 to 920 Rte. 202 South, Raritan NJ 08869.  .

Description of the person served:  Approx. Age: __ 28 __   Approx. Wt: __ 200 __   Approx. Ht: __ 6'0" __

Color of skin: __ White __   Hair color: __ Brown __   Sex: __ Male __   Other: _____

Sworn to before me on this

__ 31st __ day of _____ December, 2008 _____

KELLY N. GIGLIA
NOTARY PUBLIC, State of New York
NO. 01GI6194917, ALBANY COUNTY
NOVEMBER 24, 2012

Donna Tidings

Invoice·Work Order # SP0812539

*SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*